**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDRE WHITLOW,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HEALTH SERVICE ADMINISTRATOR F.C.I FAIRTON, FEDERAL PRISON, *et al.*,**<br><br>**Defendants.** | **Case No. 26–cv–08761–ESK–MJS**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on *pro se* plaintiff Andre Whitlow's civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will allow the Complaint to proceed.

## BACKGROUND & PROCEDURAL HISTORY

1. Plaintiff is a convicted and sentenced federal prisoner presently detained at USP Coleman II, Florida. On or about March 24, 2025, plaintiff was detained in FCI Fairton, New Jersey (Fairton) and broke his wrist during recreation time. (ECF No. 1 p. 3.)

2. He went to medical where the staff conducted a visual assessment of his injury. (*Id.*) Plaintiff was told that he needed to go to the hospital to see an orthopedist. (*Id.*) Plaintiff was given a brace for his wrist but was not taken to an outside hospital. (*Id.*) He received an x-ray eight days later that indicated plaintiff suffered a "nondisplaced buckle fracture of the distal radial metaphysis." (*Id.*)

3. Plaintiff told medical staff that the brace was not supporting his wrist and that he was experiencing severe pain and swelling. (*Id.*) He was

given a new brace. (*Id.*) He wrote to the medical administrator several times. (*Id.* p. 4.)

4. On an unknown date, Fairton staff conducted a "shakedown" during which plaintiff was told to "cuff up." (*Id.* p. 3.) Plaintiff objected due to his injury and showed the staff members his medical slip directing him to keep the brace on. (*Id.*) Plaintiff eventually took off the brace and allowed himself to be handcuffed when the staff threatened to use force against him if plaintiff did not follow their instructions. (*Id.*) He asserts the staff members cuffed him tightly. (*Id.*)

5. Plaintiff asserts that he continues to experience pain in his left hand, preventing him from exercising or climbing to the top bunk. (*Id.* p. 4.)

## DISCUSSION

6. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

7. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

8. "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

9. After accepting the factual allegations in the Complaint as true and giving plaintiff the benefit of all reasonable inferences, I find that he has sufficiently alleged an Eighth Amendment deliberate indifference claim against the medical administrator and medical staff. He has also stated an excessive

force claim against the staff members participating in the shakedown. I will permit the Complaint to proceed against these defendants.[1]

Accordingly,

**IT IS** on this **8th** day of **September 2026** **ORDERED** that:

1. The Clerk shall provide Plaintiff with a copy of the USM-285 form for all named defendants, as well as one for the Attorney General of the United States and one for the United States Attorney for the District of New Jersey. Fed. R. Civ. P. 4(i).

2. Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101.

3. Upon plaintiff's sending of the completed forms to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this opinion and order upon defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[2]

4. Defendants shall file and serve responsive pleadings within the time specified by Federal Rule of Civil Procedure 12.

5. Pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel.

6. If plaintiff seeks the appointment of *pro bono* counsel or other relief at any time before defendants file a notice of appearance, plaintiff shall

---

[1] My preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

[2] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that they waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

(1) serve a copy of the application by regular mail upon each party at his or her last known address and (2) file a Certificate of Service.[3] Fed. R. Civ. P. 5(a), (d).

7. The Clerk shall send a copy of this opinion and order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[3] After an attorney files a notice of appearance on behalf of defendants, the attorney will automatically be electronically served all documents that are filed in the case.